**MOVERS CONFERENCE OF AMERICA, Household Goods Carriers' Bureau, Movers' and Warehousemen's Association of America, Inc., American Movers Institute, Inc., Bekins Van & Storage Co., American Red Ball Transit Co., Inc., Ford Van Lines, Inc., Fernstrom Storage and Van Company, Engel Brothers, Inc., Suddath Moving and Storage Co., Inc., Allied Van Lines, Inc., United Van Lines, Inc., and Lyon Van Lines, Inc., Plaintiffs,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants.**

**Civ. A. No. 1108–61.**

United States District Court
S. D. California,
Central Division.

March 27, 1962.

Order April 7, 1962.

Macleay, Lynch & Macdonald, Washington, D. C., by Donald Macleay, Russell S. Bernhard, Washington, D. C., Gibson, Dunn & Crutcher, Los Angeles, Cal., by Samuel O. Pruitt, Jr., Los Angeles, Cal., for plaintiffs.

Lee Loevinger, Asst. Atty. Gen., John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., Los Angeles, Cal., for the United States.

Robert W. Ginnane, General Counsel, Francis A. Silver, Associate General Counsel, Interstate Commerce Commission, Washington, D. C., for the Intertate Commerce Commission.

Before BARNES, Circuit Judge, and WESTOVER and KUNZEL, District Judges.

PER CURIAM.

This action is brought by plaintiffs for the purpose of restraining, annulling, enjoining, and setting aside an order of the Interstate Commerce Commission, dated June 19, 1961.[1] The order in

---

1. "(b) Interpretations of the Definition in (a) of this rule: Subsection (1) shall be construed to include only property transported as an incident of a move by a householder from one dwelling to another, and shall not be construed to include property moving from a factory or store, except such property as the householder has purchased with intent to use in his dwelling and which is transported at the request of the householder and as an incident of a move by the householder from one dwelling to another. Sub-section (2) shall be construed to include the commodities mentioned therein only when transported as

question was promulgated by the Interstate Commerce Commission allegedly for the purpose of interpreting the term "household goods" as defined in 49 C.F.R. § 176.1(a), hereinafter referred to as Rule 1(a).[2]

■ It is the contention of plaintiffs, who are all motor common carriers with the exception of the Movers Conference of America, that the "interpretive" order in question will result in the unlawful taking of property without due process of law if it is put into effect. In support of this claim, plaintiffs explain that each possesses a certificate of public convenience and necessity from the Commission which designates them as carriers of "household goods." Although the term "household goods" is not defined in any of the certificates, the meaning of the term is to be derived from Rule 1(a), which since 1939 has delineated the scope of moving activities which the holders of household goods certificates are allowed to engage in. Since it has been held that certificates to operate motor truck lines are property of value, and are entitled to constitutional protection, Rock Island Motor Transit Co. v. United States, 90 F.Supp. 516 (N.D.Ill.1950), rev'd on other grounds, 340 U.S. 419, 71 S.Ct. 382, 95 L.Ed. 391; Texas & Pac. Motor Transport Co. v. United States, 87 F. Supp. 107 (N.D.Tex.1949), rev'd on other grounds, 340 U.S. 450, 71 S.Ct. 422, 95 L.Ed. 409, it can therefore properly be said that Rule 1(a) defines the scope of a certain "property right" which cannot be taken or diminished without regard to due process of law.

Plaintiffs base their objection to the order in question on the ground that the order had the effect of changing and narrowing the scope of the term "household goods" as defined in Rule 1(a), instead of merely serving to interpret or clarify the existing definition of the term. This effect, it is claimed, constitutes a limitation without due process of law upon the property right represented by the operating certificate.

Defendants do not contest the fact that if the order in question changes the meaning of the term "household goods", then the order should be declared invalid. They contest only the assertion that the order objected to has in fact narrowed the scope of household goods. This, therefore, is the only issue before the court, with the exception of certain objections raised to exhibits proffered by the plaintiffs, which will be preliminarily discussed.

This court exercises jurisdiction by virtue of 28 U.S.C.A. § 1336 and is hereby convened with three judges pursuant to 28 U.S.C.A. § 2325.

*Defendants' Objections to Plaintiffs' Exhibits 1, 2, and 3*

■ Defendants raised objections to Exhibits 1, 2, and 3 offered by plaintiffs. The basis of the objections asserted by defendants is fundamentally one of irrelevance and immateriality. In view of the fact that these objects are composed of excerpts of testimony, affidavits of officials of plaintiffs, and excerpts of effective tariffs of common carriers, all of which tend to show the

---

incident to the removal of the establishment, or a portion thereof, from one location to another and shall not be construed to include such commodities when transported as an incident to the purchase, sale, lease, or rental of the commodities by the shipper or consignee * * *."

2. "(a) The term 'household goods' means (1) personal effects and property used or to be used in a dwelling when a part of the equipment or supply of such

dwelling; (2) furniture, fixtures, equipment and the property of stores, offices, museums, institutions, hospitals, or other establishments when a part of the stock, equipment, or supply of such stores, offices, museums, institutions, hospitals, or other establishments; and (3) articles, including objects of art, displays and exhibits, which because of their unusual nature or value require specialized handling and equipment usually employed in moving household goods."

scope of actual operations of both household goods carriers and other common carriers, there is no question that the exhibits are relevant for the purpose of showing the true meaning of the definition of household goods as defined in Rule 1(a). For this reason the objections of defendants to these exhibits are overruled, and they are received for the limited purpose of showing services traditionally performed by household goods carriers.

*Effect of Order in Question upon Definition of Household Goods*

It is the contention of plaintiffs that Rule 1(a), if effected, will substantially narrow the scope of the rights of household goods carriers. It is claimed that the new order requires that a *change of dwelling of a householder or a change of location of a business establishment* be involved before a household goods carrier can engage in the move. This condition upon the operation of the household goods carriers, assert plaintiffs, is one which was non-existent prior to the institution of the order in question. Since this limitation upon the scope of the authority granted by the certificates of public convenience and necessity to household goods carriers is not in compliance with the procedure set forth in Interstate Commerce Act, § 212(a), 49 U.S.C.A. § 312(a),[3] plaintiffs therefore urge that the new order be stricken down

as an unconstitutional taking of property without due process of law.

■ In determining the effect of the new order upon the definition of household goods, this court is not unmindful of the fact that the order in question as promulgated by the Commission should not be upset unless it is shown to be a *clearly erroneous* interpretation of the definition.[4]

■ With this burden of proof in mind, consideration is first directed to the evidence relating to the actual scope of activities of household goods carriers prior to the promulgation of the new regulation. Plaintiffs set forth in Exhibit 1 the testimony of numerous household goods carriers which was given at the hearings conducted by the Commission in 1951 to review Rule 1(a). In that testimony, the carrier representatives described in detail various facets of their regular operations as household goods carriers, including movement of property not involving any change in domicile of the householder or any change in location of the business establishment.[5] This evidence is substantiated by affidavits of officials of certain plaintiff carriers [Ex. 2], in which these parties declare that such types of moves are still being made by household goods carriers. This evidence was not refuted by the Commission.

3. "Certificates, permits, and licenses shall be effective from the date specified therein, and shall remain in effect until suspended or terminated as therein provided. Any such certificate, permit or license may, upon application of the holder thereof, in the discretion of the Commission, be amended or revoked, in whole or in part, or may upon complaint, or on the Commission's own initiative, after notice and hearing, be suspended, changed, or revoked, in whole or in part, *for willful failure to comply with any provision of this part, or with any lawful order, rule, or regulation of the Commission promulgated thereunder, or with any term, condition, or limitation of such certificate, permit, or license * * *."* [Emphasis added.]

4. See Bowles v. Seminole Rock Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L.Ed. 1700, (1945); Andrew G. Nelson, Ins. v. United States, 355 U.S. 554, 558, 78 S.Ct. 496, 2 L.Ed.2d 484 (1958).

5. E. g., movement of house furnishings from location in dwelling of one householder to final resting place in dwelling of another householder, as the incident of a gift or sale; movement of house furnishings from location in dwelling of householder to repair shop or storage warehouse, and return at a later date to the same dwelling; movement of used file cabinets and desks from location within one branch office of a business establishment to location within another branch office.

Clearly, these types of moves do not fall within the interpretation lent to Rule 1(a) by the new regulation in question. Yet, despite the fact that the Commission was fully aware of these types of movements by household goods carriers, there was not one prosecution against any of these carriers for engaging in this activity. This strongly indicates to this court an acquiescence by the Commission in a broad interpretation of the term "household goods", not encompassed by the new order.

The Commission does not agree that it has so acquiesced. In fact, a substantial portion of the Commission's argument is directed to this point. In support of its position that Rule 1(a) has always required a change of dwelling or business location before a household goods carrier could become involved in the move, the Commission cites a number of cases. North American Van Lines v. United States, 243 F.2d 693 (6th Cir. 1957); United Van Lines v. United States, 243 F.2d 316 (8th Cir. 1957); Interstate Commerce Commission v. United Van Lines, Inc., 110 F.Supp. 273 (E.D.Mo. 1952); Hermans Storage Warehouse Co., Inc., Common Carrier Application, 42 M.C.C. 81 (1943); Barnett Extension of Operations—Furniture, 44 M.C.C. 587 (1945); Smolowitz Extension of Operations—Hospital and Institutional Equipment, 48 M.C.C. 80 (1948); North American Van Lines, Inc. Extension—New Furniture, 49 M.C.C. 368 (1949); Shapiro Extension—Shuffleboards, 49 M.C.C. 73 (1953); Andrew G. Nelson, Inc.—Investigation of Operations, 63 M.C.C. 407 (1955); Neptune Storage, Inc. Extension—Tabulating Machines, 67 M.C.C. 319 (1956). It is noted, however, that these cases involve only the movement of *stock-in-trade*, in which situation it has always been understood by all parties that a change of dwelling or business loca-

tion must be involved in order for the stock to be transferred by a household goods carrier.

We conclude that the proposed order does redefine "household goods" in a manner different from the existing definition commonly accepted within the industry by both the carriers and the Commission. In our opinion, the proposed redefinition narrows the term "household goods," excluding certain types of services previously thought to be contained within the meaning of the words involved. Since the Commission proposes to do this by a procedure other than that set forth in 49 U.S.C.A. § 312(a), the order is clearly erroneous in that it constitutes a deprivation of the rights of the household goods carriers without proper process of law. For that reason, the Interstate Commerce Commission is hereby enjoined from enforcing its order dated June 19, 1961.

#### Order

The three-judge Court, heretofore designated and appointed pursuant to 28 U.S.C.A. § 2325, does hereby, on its own motion, order as follows:

1. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the opinion of the Court filed herein on March 27, 1962, is hereby adopted as the findings of fact and conclusions of law herein.

2. The order of the Interstate Commerce Commission dated June 19, 1961, insofar as it relates to Subsections (1) or (2) of Rule 1(a) (Title 49 C.F.R. § 176.1), is hereby annulled and set aside and the defendants, and each of them, and their officers, agents, and representatives are hereby enjoined and restrained from taking any action to make effective or enforce all or any portion of the order of the Interstate Commerce Commission dated June 19, 1961, relating to Subsections (1) or (2) of the said Rule 1(a).