**NATIONAL TRAILER CONVOY, INC., et al., Plaintiffs,**

**v.**

**UNITED STATES of America, and Interstate Commerce Commission, Defendants.**

**No. 67–C–202.**

United States District Court
N. D. Oklahoma.
Nov. 21, 1968.

Grove, Jaskiewicz & Gilliam, Galland, Kharasch, Calkins & Lippman, Ames, Hill & Ames, Washington, D. C., Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., for plaintiffs.

Lawrence A. McSoud, U. S. Atty., Tulsa, Okl., Donald F. Turner, Asst. Atty. Gen., Washington, D. C., John H. D. Wigger, Dept. of Justice, Washington, D.

C., Raymond M. Zimmet and Robert W. Ginnane, Interstate Commerce Commission, Washington, D. C., for defendants.

Blackstock & Joyce, Tulsa, Okl., for intervenors.

## FINDINGS OF FACT AND MEMORANDUM DECISION

Before MURRAH, Circuit Judge, and BOHANON and BARROW, District Judges.

MURRAH, Circuit Judge.

In the case now before us, the Interstate Commerce Commission granted a common carrier by motor vehicle certificate to Martin Trailer Toters, Inc. restricted as set out in the Commission's order and report. The application was considered in accordance with the Commission's modified procedure which provides for submission of evidence and argument in writing. 49 C.F.R. 1.247 and 1.45–1.54. The plaintiffs protested Martin's application and requested a hearing [1] which was denied by the Commission. Plaintiffs here seek to set aside the Commission's order on the ground (a) the Commission denied the plaintiffs procedural due process by refusing to allow cross-examination and confrontation on material and disputed facts, (b) the different statutory standards for contract and common carriers require the Commission to distinguish these in delineating transportation and non-transportation services, and (c) the Commission's order is not supported by substantial evidence.

The fundamental right to a hearing "embraces not only the right to present evidence, but also a reasonable opportunity to know the claims of the opposing party and to meet them." Chief Justice Hughes, Morgan v. United States, 304 U.S. 1, at 18, 58 S.Ct. 773, at 776, 82 L.Ed. 1129 (1937). Implicit in this concept is the "traditional right of confrontation and cross-examination" in furtherance of fundamental fairness. Garvey v. Freeman, 397 F.2d 600 (10 Cir.1968). In all adjudicative proceedings cross-examination and confrontation are the handmaidens of trustworthiness in the face of factual dispute. But unless material facts are in dispute there. is no right to cross-examination and confrontation. Cf. Davis, Requirement of a Trial-Type Hearing, 70 Harv. L.Rev. 193, at 205–206. Producers Livestock Marketing Association v. United States, 241 F.2d 192 (10 Cir. 1957). Cf. 49 C.R.F. 1.53(a). Plaintiffs concede this much and meet the issue squarely by asserting that material facts are, in truth, disputed. They undertake to point out with specificity the areas of disputed facts. Our examination, however, of the suggested areas of factual conflict does not reveal any material difference on critical facts. In our view, the effect of the plaintiffs' request for cross-examination is to attack the weight of undisputed facts not the credibility of the affiants. Clearly the weight of evidence is arguable but due process does not require that this be done orally. We find no denial of fundamental fairness on the face of the Commission's modified procedure nor in the present application of it.

The applicant Martin offers to provide two services [2] in addition to the pure "transportation" of mobile homes. The Commission found these two services to be "transportation services" and proper subjects for their consideration citing Griffin Mobile Home Transporting Co. Contract Carrier Application, 103 M.C.C. 482, as its sole rationale. Plaintiffs challenge this finding on the ground that in applying. Griffin the Commission failed to recognize the stat-

---

1. Hearing is here understood to mean some form of oral proceeding whether a trial type hearing or mere argument.

2. These two services are:
   a) the use of an air compressor to inflate the tires on the mobile homes, and
   b) the use of a winch to move trailers in and out of mud and soft ground.

utory distinction between contract and common carriers. We must agree with plaintiffs' contention.

In upholding Griffin [3] we relied heavily on the fact that the services there involved were "designed to meet the distinct [transportation] need of each individual customer" as required by the section defining a contract carrier. 49 U. S.C. § 303(a) (15).

■ The section defining a common carrier contains no similar language. To qualify as a common carrier the applicant must be "fit, willing, and able properly to perform the service proposed" and the "proposed service" must be *"required* by the present or future public convenience and necessity." 49 U.S.C. § 307(a). [Emphasis added.] In the case of contract carriers the additional services need not be "required". National Trailer, supra.

■ While the Commission found that Martin met these requirements we do not understand the rationale of this result in view of the divergent statutory tests. To be sustained the agency's reasoning must be sufficiently clear so the reviewing court need not guess as to its rationale. Colorado-Wyoming Gas Co. v. Federal Power Commission, 324 U.S. 626, at 634, 65 S.Ct. 850, 89 L.Ed. 1235 (1945). Here we cannot say that the Commission's reasoning is clear. The report and order do not set out how or in what way these additional services support their findings of "ability" or "public convenience and necessity". This Court must be sufficiently apprised of the Commission's reasoning to enable it to exercise the scope of review entrusted to us by Constitution, and statute, 5 U.S.C. § 706. The Commission's reliance on Griffin appears misplaced, but in any event the statutory distinction here involved argues well for a trial-type hearing. The manifest pur-

pose for creating these two classes of motor carriers with divergent statutory standards for the performance of transportation services bids us not to obliterate these distinctions either by agency fiat or judicial decision. Certainly we should not do so without carefully articulating our reasons either at the administrative or judicial level.

■ Similarly the Commission excluded Florida from the territory covered by the certificate on the ground that "there is insufficient evidence to support a grant of service to or from the State of Florida." No further reason is given for excluding Florida when other states which similarly lacked substantial evidence of any need were included in the territory. Direct evidence showing a need in a specific state may not be necessary but if we are to review the Commission's order and report we must know the basis and rationale behind its action. Categoric statements in an agency report, when significant, invite review and reversal. We cannot determine from the Commission's report why Texas and Alabama were included in the certificate while Florida was excluded. A review of the record now before us discloses no supporting evidence for the inclusion of Alabama in the territory covered by the certificate and insufficient evidence supporting Texas. But we do not decide this matter, leaving it for the Commission on remand.

The order of the Commission is set aside and the case is remanded for further action by the Commission in accordance with the views herein expressed.

This opinion sufficiently states the findings of fact and conclusions of law of the court. Further findings of fact and conclusions of law are not necessary. The clerk will enter an appropriate judgment.

3. National Trailer Convoy, Inc. v. United States, 293 F.Supp. 630 (N.D.Okl.1968).