**NATIONAL TRAILER CONVOY, INC., et al., Plaintiffs,**

v.

**UNITED STATES of America, and Interstate Commerce Commission, Defendants.**

**No. 67–C–150.**

United States District Court
N. D. Oklahoma.

Nov. 21, 1968.

**632**

Gable, Gotwals, Hays, Rubin & Fox, Tulsa, Okl., Rice, Carpenter & Carraway, Washington, D. C., Belnap, Spencer, Hardy & Sweeney, Chicago, Ill., William J. Lippman, Galland, Kharasch, Calkins & Lippman, Wrape & Hernly, Washington, D. C., for plaintiffs.

Donald F. Turner, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., Lawrence A. McSoud, U. S. Atty., Tulsa, Okl., Robert W. Ginnane and Raymond M. Zimmet, Interstate Commerce Commission, Washington, D. C., for defendants.

W. T. Brunson and Charles D. Dudley, Oklahoma City, Okl., Todd, Dillon & Sullivan, Washington, D. C., for intervenors.

## FINDINGS OF FACT AND MEMORANDUM DECISION

Before MURRAH, Circuit Judge, and BOHANON and BARROW, District Judges.

MURRAH, Circuit Judge.

When this case was previously before this Court we remanded it to the Interstate Commerce Commission for findings whether the services offered in the contract motor carrier application were "transportation services" within the meaning of the Interstate Commerce Act, 49 U.S.C. § 303(a) (15). National Trailer Convoy, Inc. v. United States, 227 F.Supp. 730 (N.D.Okl., 1964). Upon remand the Commission, on consideration of the original record and without further evidence, determined that these services were "transportation services" within the meaning of the Act and again ordered issuance of the permit. From this ruling plaintiffs National Trailer Convoy, Inc., Morgan Drive-Away, Inc., and The Regular Common Carrier Conference of American Trucking Associations, Inc., filed petitions for reconsideration. These petitions were denied by the Commission. Plaintiffs seek review of this order and report.

The applicant, Griffin Mobile Home Transporting Co., is a new corporation formed to carry on interstate contract carriage of new, used, or damaged mobile homes. Its majority stockholder is holder of a current intrastate permit for the same contract carriage to and from points within Oklahoma. To qualify as a contract carrier by motor vehicle in interstate commerce the applicant must have "continuing contracts with one person or a limited number of persons * * * (b) for the furnishing of *transportation services* designed to meet the distinct need of each individual customer." [Emphasis added.] 49 U.S.C. § 303(a) (15).

At the outset it is important to remember that judicial review of orders of the Interstate Commerce Commission is governed by the Administrative Procedure Act, 5 U.S.C. § 706, Ace Lines, Inc. v. United States, 197 F.Supp. 591 (S.D.Iowa, 1960), and is thus limited to inquiries into issues of Constitutional limitations, statutory authority, and suf-

ficiency of the evidence to support the findings of fact of the agency. Winter Garden Company v. United States, 211 F.Supp. 280 (E.D.Tenn.N.D., 1962). This case will be reviewed in this context.

I

■■ The plaintiffs' first contention is that the Commission abused its discretion in denying their petition for reconsideration. The basis for this petition, as argued to this Court, was that some of the shippers and dealers who appeared in support of the application were no longer in business. They seem to think this should be sufficient to reopen the case for further hearings. Case law clearly enunciates the principle that the granting or denying of a petition for reconsideration rests within the sound discretion of the agency and that their denial of such a petition will only be reversed for clear abuse of discretion. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L. Ed. 821 (1945); and Interstate Commerce Commission v. Jersey City, 322 U. S. 503, 64 S.Ct. 1129, 88 L.Ed. 1420 (1943). In the latter case Mr. Justice Jackson, speaking for the Court, observed "[I]t has been almost a rule of necessity that rehearings were not matters of right, but were pleas to discretion. And likewise it has been considered that the discretion to be invoked was that of the body making the order, and not that of a reviewing body."

■■ Summary denial of such a petition is appropriate and "further findings and conclusions are unnecessary if it is clear that the Commission gave due consideration to the petition." Colorado-Arizona-California Express, Inc. v. United States, 224 F.Supp. 894 (D.Colo., 1963). In this case the Commission, in its order denying the petitions for reconsideration, stated that "no sufficient or proper cause appears for reopening the proceedings for reconsideration or to receive additional evidence." And the plaintiffs have failed to show wherein or in what way the grounds for their motion for reconsideration would require the Commission to reconsider its order. Absent such showing we cannot say that the Commission has abused its discretion.

II

In its application for a contract motor carrier permit, Griffin offered, among other things, the following services in addition to the pure "transportation" of the mobile homes:

(a) making such repairs to damaged trailers before towing them as would be necessary for safe towing on the highways,

(b) connecting the electrical and plumbing facilities when delivering to an owner's or dealer's lot, and

(c) setting up "expando trailers"[1].

The Commission found, and the evidence showed, that these three services were not available from the protesting common carriers. The Commission was of the opinion that "[T]he specialized services [supra] programmed by applicant are incidental to the movement of the house trailers from one place to another and are necessary to the complete effectuation of the matter in chief." 103 M. C.C. 501. It thus found these services to be transportation services within the meaning of the Act in accord with our remand. National Trailer Convoy, Inc. v. United States, supra.

■ Plaintiffs argue that the Commission did not have substantial evidence upon which to base this finding and the finding should, therefore, be set aside. But this argument overlooks the fact that these findings necessarily involve the interpretation of critical language in a statutory scheme by an agency charged with its administration. As such we are bound to accord it great

1. Expando trailers can be expanded to larger dimensions at destination points or folded up for towing on the highway.

**634**

weight. If the administrative construction is not wholly incompatible with the purpose of the Act we must accept it even though we would have reached a different result if the question had arisen in the first instance in judicial proceedings. Udall v. Tallman, 380 U.S. 1, at 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965), cf. Garvey v. Freeman, 397 F.2d 600 (C.A.10, 1968). The Interstate Commerce Commission, not this Court, is charged with responsibility for the administration of the Act. As Judge Breitenstein has reminded us "[T]he delineation of what are transportation services is particularly within the competence and expertise of the Commission." National Trailer Convoy, Inc., supra.

As we have seen, one of the prime purposes of the contract carrier provisions of the Interstate Commerce Act, as gleaned from Section 203(a) (15), is to provide "transportation services designed to meet the distinct need of each individual customer." The statute does not require that these services be necessary but rather that they be designed to meet individualized transportation needs. The terms "services" and "transportation" are defined to "include all vehicles * * * together with all facilities and property * * * used in the transportation of passengers or property * * * or *in the performance of any service in connection therewith.*" [Emphasis added.] 203(a) (19). The services offered by Griffin meet all of these tests in that as a whole, they were designed with the specific transportation needs of the supporting shippers and dealers in mind and thus qualify under the Act as "transportation services".

The plaintiffs raised only two other issues of possible merit. These were (a) that the Commission did not have sufficient evidence upon which to base its finding that the applicant was fit and able to perform the specialized services and (b) that these services were merely devices to reduce transportation rates. These two issues were first raised in this Court and come too late. Conley Electronics Corp. v. F. C. C., 394 F.2d 620 (C.A.10, 1968).

The decision of the Commission is affirmed.