**ALLIED VAN LINES CO.,** Lyon Van Lines, Inc., North American Van Lines, Inc., United Van Lines, Inc., and Wheaton Van Lines, Inc., Plaintiffs,

v.

**UNITED STATES** of America and Interstate Commerce Commission, Defendants,

Pyramid Van Lines, Inc., Intervening Defendant.

Civ. No. 68–1347.

United States District Court
C. D. California.

Aug. 28, 1969.

Denning & Wohlstetter, Washington, D. C., Charles M. Walters, Chicago, Ill., Gregory M. Rebman, St. Louis, Mo., Martin A. Weissert, Fort Wayne, Ind., and Knapp, Gill, Hibbert & Stevens, by Warren N. Grossman, Los Angeles, Cal., for plaintiffs.

Edwin M. Zimmerman, Asst. Atty. Gen., and John H. D. Wigger, Atty., U. S. Dept. of Justice, Washington, D. C., Wm. M. Byrne, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., David Anderson, Asst. U. S. Atty., Los Angeles, Cal., Robert W. Ginnane, Gen. Counsel, Raymond M. Zimmett, Betty Jo Christian, Attys., Interstate Commerce Commission, Washington, D. C., for defendants.

Handler, Baker & Greene, by Marvin Handler, San Francisco, Cal., Kilroy & Sullivan, by Paul F. Sullivan, Washington, D. C., and Russell & Schureman, Los Angeles, Cal., for intervening defendant.

Before KOELSCH, Circuit Judge, and HAUK and PREGERSON, District Judges.

### DECISION and ORDER AFFIRMING ACTION OF INTERSTATE COMMERCE COMMISSION

HAUK, District Judge:

This matter arises upon plaintiffs' complaint for review of administrative action of the Interstate Commerce Commission, jurisdiction in this Court being founded upon several provisions of the Judicial Code: 28 United States Code Sections 1336(a),[1] 1398(a),[2] and 2321–2325.[3] Plaintiffs seek a Court order

---

1. 28 United States Code § 1336(a):
   "§ 1336. Interstate Commerce Commission's orders
   (a) Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission."

2. 28 United States Code § 1398(a):
   "§ 1398. Interstate Commerce Commission's orders
   (a) Except as otherwise provided by law, any civil action to enforce, suspend or set aside in whole or in part an order of the Interstate Commerce Commission shall be brought only in the judicial district wherein is the residence or principal office of any of the parties bringing such action."

3. 28 United States Code § 2321–2325:
   "CHAPTER 157—INTERSTATE COMMERCE COMMISSION ORDERS; ENFORCEMENT AND REVIEW
   Sec.
   2321. Procedure generally; process.
   2322. United States as party.
   2323. Duties of Attorney General; intervenors.
   2324. Stay of Commission's order.
   2325. Injunction; three-judge court required.
   § 2321. Procedure generally; process
   The procedure in the district courts in actions to enforce, suspend, enjoin, annul or set aside in whole or in part any order of the Interstate Commerce Commission other than for the payment of money or the collection of fines, penalties and forfeitures, shall be as provided in this chapter.

suspending, enjoining, setting aside and annulling the Orders issued by the I.C.C. in certain proceedings designated as Pyramid Van Lines, Inc., Extension—Elimination of Gateways, Docket No. MC 33500, sub. 16. The Orders in question were dated October 31, 1967, April 5, 1968, and May 9, 1968, and are administratively final. A District Court of three judges, as required by 28 U.S.C. § 2325, has been convened pursuant to the provisions of 28 U.S.C. § 2284.[4]

The orders, writs, and process of the district courts may, in the cases specified in this section and in the cases and proceedings under sections 20, 23, and 43 of Title 49, run, be served, and be returnable anywhere in the United States. As amended May 24, 1949, c. 139, § 115, 63 Stat. 105.

§ 2322. United States as party
All actions specified in section 2321 of this title shall be brought by or against the United States."

" § 2323. Duties of Attorney General; intervenors
The Attorney General shall represent the Government in the actions specified in section 2321 of this title and in actions under sections 20, 23, and 43 of Title 49, in the district courts, and in the Supreme Court of the United States upon appeal from the district courts.

The Interstate Commerce Commission and any party or parties in interest to the proceeding before the Commission, in which an order or requirement is made, may appear as parties of their own motion and as of right, and be represented by their counsel, in any action involving the validity of such order or requirement or any part thereof, and the interest of such party.

Communities, associations, corporations, firms, and individuals interested in the controversy or question before the Commission, or in any action commenced under the aforesaid sections may intervene in said action at any time after commencement thereof.

The Attorney General shall not dispose of or discontinue said action or proceeding over the objection of such party or intervenor, who may prosecute, defend, or continue said action or proceeding unaffected by the action or nonaction of the Attorney General therein.

§ 2324. Stay of Commission's order
The pendency of an action to enjoin, set aside, annul, or suspend any order of the Interstate Commerce Commission shall not of itself stay or suspend the operation of the order, but the court may restrain or suspend, in whole or in part, the operation of the order pending the final hearing and determination of the action.

§ 2325. Injunction; three-judge court required
An interlocutory or permanent injunction restraining the enforcement, operation or execution, in whole or in part, of any order of the Interstate Commerce Commission shall not be granted unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

4. 28 United States Code § 2284:
"§ 2284. Three-judge district court; composition; procedure
In any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court, except as otherwise provided by law, shall be as follows:

(1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding.

(2) If the action involves the enforcement, operation or execution of State statutes or State administrative orders, at least five days notice of the hearing shall be given to the governor and attorney general of the State.

If the action involves the enforcement, operation or execution of an Act of Congress or an order of any department or agency of the United States, at least five days' notice of the hearing shall be given to the Attorney General of the United States, to the United States attorney for the district, and to such other persons as may be defendants.

Such notice shall be given by registered mail or by certified mail by the clerk and shall be complete on the mailing thereof.

(3) In any such case in which an application for an interlocutory injunction is made, the district judge to whom the application is made may, at any time, grant a temporary restraining order to prevent irreparable damage. The order, unless previously revoked by the district judge, shall remain in force only until the hearing and ·determination by the

After trial and hearing, at which full opportunity was given all parties—plaintiffs, defendants and intervening defendant—to present their evidence, oral and documentary, and their respective contentions of fact and law, the Court has taken the matter under submission and now renders its decision and order denying plaintiffs' application for a decree setting aside and annulling the I.C.C. Orders.

## SUMMARY OF FACTS

On May 19, 1966, Pyramid Van Lines filed an application for a certificate of public convenience and necessity authorizing transportation of household goods between points in numerous states throughout the country. Plaintiffs, major nationwide carriers of household goods, filed protests to the application, and requested that an oral hearing be held. Due to its increasing work load, and in accordance with its Rules of Practice, General Rule 53 (49 C.F.R. § 1100.53) and Special Rule 247 (49 C.F.R. § 1100.247), the I.C.C. determined that the proceeding should be conducted without oral hearing and placed the matter on its Modified Procedure Docket, to be determined solely upon written evidence.

Thereafter, Pyramid submitted verified statements and affidavits from numerous supporting witnesses, including persons who had experienced inadequate service from the plaintiffs, persons who found Pyramid's services to be satisfactory, other motor carriers who claimed that an extension of Pyramid's service would permit them to compete with the other nationwide carriers. In addition, Pyramid offered statistics which projected increases in the demand and need for movers of household goods.

Plaintiffs responded to Pyramid's evidence by attempting to refute the supporting statements which had been offered by Pyramid, and by contending that Pyramid's evidence did not distinguish between competitive and non-competitive traffic that Pyramid handled. Plaintiffs demanded the right to cross-examine every supporting witness of Pyramid's application at an oral hearing, and they also sought to inspect the freight bills which supported Pyramid's exhibits concerning past shipments.

Pyramid replied and offered additional affidavits from persons who had received unsatisfactory service from plaintiffs, including some who had filed earlier affidavits and now offered additional facts to refute plaintiffs' claim of having no records of having served such persons. Pyramid also offered a letter from the Department of the Army, Headquarters, Western Area, indicating a serious decline in the quality of carrier service in that area, as well as

---

full court. It shall contain a specific finding, based upon evidence submitted to such judge and identified by reference thereto, that specified irreparable damage will result if the order is not granted.

(4) In any such case the application shall be given precedence and assigned for a hearing at the earliest practicable day. Two judges must concur in granting the application.

(5) Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing.

A district court of three judges shall, before final hearing, stay any action pending therein to enjoin, suspend or restrain the enforcement or execution of a State statute or order thereunder, whenever it appears that a State court of competent jurisdiction has stayed proceedings under such statute or order pending the determination in such State court of an action to enforce the same. If the action in the State court is not prosecuted diligently and in good faith, the district court of three judges may vacate its stay after hearing upon ten days notice served upon the attorney general of the State."

statistics showing that plaintiffs had continued to grow substantially in the amount of their operating revenues no matter which competing carriers had been certified by the I.C.C., refuting plaintiffs' claim of diversion of traffic. Finally, Pyramid offered to forward the underlying freight bills, which plaintiffs had requested for examination at an oral hearing, to the Commission's offices for plaintiffs' inspection.

On October 31, 1967, the I.C.C. denied plaintiffs' requests for oral hearing, and found that the present and future public convenience and necessity justified issuance of a certificate to Pyramid Van Lines. On April 5, 1968, the I.C.C. denied plaintiffs' petitions for reconsideration. On May 9, 1968 the I.C.C. denied plaintiffs' petitions for a determination that a matter of general transportation importance was involved. And on May 23, 1968, the I.C.C. issued to Pyramid a Certificate of Public Convenience and Necessity.

## ISSUE INVOLVED

Pursuant to stipulation between the parties, the only issue for this Court's determination is: Whether the I.C.C.'s actions in granting operating authority and routes to Pyramid under the Certificate was erroneous, unlawful, unsupported by evidence and findings, arbitrary, capricious and violative of due process requirements.

## SCOPE OF REVIEW

■ The position has been consistently taken by the Federal courts that orders of the Interstate Commerce Commission should not be set aside, modified or disturbed by judicial review if they are supported by findings which are neither capricious nor arbitrary, are adequately sustained by the record as a whole, and there is a rational basis for the administrative conclusion. Illinois C. R. Co. v. Norfolk & W. R. Co., 385 U.S. 57, 69–70, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); Stanislaus County v. United States, 236 F.Supp. 146, 148 (N.D.Cal. 1964). Yet while the scope of judicial review is limited, the court is bound

to inquire into the proceedings conducted by the Commission to determine if there is a rational basis for the conclusions approved by the administrative body. Nashua Motor Express, Inc. v. United States, 230 F.Supp. 646 (D.N.H. 1964).

## DISCUSSION

In essence, plaintiffs contend that the I.C.C.'s refusal to grant an oral hearing for the purpose of cross-examining witnesses and examining freight documents was contrary to law, arbitrary, capricious and deprived them of property rights without due process of law. Specifically, they contend that: (1) They were entitled to a "trial-type" hearing as a matter of due process; (2) the denial of cross-examination was violative of the I.C.C.'s precedent decisions and the Administrative Procedure Act; (3) there was no sufficient finding supporting the denial of an oral hearing; and (4) material facts were clearly in dispute, and thus a hearing was required. We will deal with each of these contentions separately.

### 1. *Due Process Does Not Require "Trial-Type" Hearing Here.*

■ Plaintiffs contend that due process requires that they be granted a "trial-type" hearing with an opportunity to cross-examine Pyramid's supporting witnesses. Moreover, they contend that whenever governmental agencies adjudicate or make decisions which directly affect the legal rights of individuals, the safeguards of a trial, (i. e., apprisal, confrontation, and cross-examination) apply. Hannah v. Larche, 363 U.S. 420, 445–446, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960); Greene v. McElroy, 360 U.S. 474, 497, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). They cite Movers Conference of America v. United States, 205 F.Supp. 82 (S.D.Cal.1962) to establish that the holder of a certificate of public convenience and necessity (which all of the plaintiffs have) possesses a property right which is entitled to constitutional protection.

It is clear that plaintiffs have no absolute right to an oral hearing (King-pak, Inc., Investigation of Operations, 103 M.C.C. 319, 344 (1966)); and they have not cited any cases which specifically hold that an application for a certificate of public convenience and necessity requires an oral hearing. The I.C.C., due to its heavy work load of this type of application has decided that some of these applications should be held pursuant to its *modified procedure* whereby all parties are allowed ample opportunity to present all their evidence, including rebuttal, in writing.

Moreover, the I.C.C.'s Special Rule 247 requires that anyone seeking an oral hearing must specify with particularity the facts relied upon and give a specific explanation why the evidence to be presented cannot reasonably be submitted in the form of affidavits. (49 C.F.R. § 1100.247(d) (3) & (4).) Analysis of the plaintiffs' requests for an oral hearing clearly shows that this was not done. Plaintiffs made no showing of what facts they would develop at the requested oral hearing, and did not specify any particular facts which made the hearing necessary.

■ Moreover, the I.C.C.'s decision is not an adjudication which deprives plaintiffs of substantial rights. The duty of the I.C.C. is to consider the facts presented by both sides and then make a determination: 1) whether a new operation will serve a useful public purpose, responsive to a public demand or need; 2) whether this purpose can and will be served as well by existing carriers; and 3) whether authorization of the proposed service will endanger or impair the operations of the existing carriers contrary to the public interest. Pan-American Bus Lines Operation, 1 M.C.C. 190, 203 (1936). This is, essentially, a fact-finding process and cannot be truly said to be quasi-judicial (as plaintiffs claim). Moreover, plaintiffs made no showing of injury to property rights (other than their vague, conclusory claim of "probable detriment and injury"), whereas Pyramid offered verified

statements indicating that there would be no diversion of civilian or military traffic should the certificate be granted.

Plaintiffs, in their supplemental post-trial brief, rely heavily upon two recent three-judge District Court decisions which, in their view, support compulsory oral hearings in I.C.C. proceedings similar to the case before us: Drum Transport, Inc. v. United States, 298 F.Supp. 667 (S.D.Ill.1969) and H C & D Moving & Storage Company v. United States, 298 F.Supp. 746 (D.Haw.1969).

At first glance there is some superficial plausibility to plaintiffs' analysis of *Drum,* since the court therein by way of *dicta* stated that while the affidavits before the I.C.C. were "adequate to show the proposal of a new and unique service", they were "not sufficient, untested by a full hearing and cross examination, to prove inadequacy of existing service." (298 F.Supp. at 673). However, it should be emphasized that the court specifically refused to consider the argument that the case must be remanded to the I.C.C. for a formal hearing for the general purpose of cross-examination (298 F.Supp. at 669) and found that it was "unnecessary to reach the modified procedure question." (298 F.Supp. at 673). Instead, the court held that, under the circumstances of the *Drum* case, the Commission's grant of authority could not be sustained unless the Commission found that the existing service was inadequate. Since the affidavits and the evidence supporting the application did not deal at all with the issue of inadequacy of existing service, and since the Commission had made no findings with regard to the issue of inadequacy of service, the court necessarily ruled that the I.C.C.'s grant of authority had to be set aside.

In the case before us, the I.C.C. did find that the existing service was inadequate, and the affidavit evidence does clearly support this finding. Thus the *Drum* case is not applicable.

The *H C & D* decision is not even plausibly applicable. It merely holds that administrative rulings must be con-

sistent with similar standards applied for all cases, otherwise the I.C.C. would be acting arbitrarily. We are confident that here the I.C.C. has not acted contrary to or inconsistent with any other I.C.C. decision or regulation that has been brought to our attention. Nor have we found any I.C.C. decision or regulation requiring an oral hearing in all motor carrier cases. Plaintiffs' claim of inconsistency and arbitrary action is clearly without merit.

### 2. *Oral Hearing Is Not Here Required By I.C.C. Decisions or Administrative Procedure Act.*

Plaintiffs contend that the denial of an oral hearing and cross-examination was violative of the I.C.C.'s own precedent decisions and the Administrative Procedure Act. First considering the I.C.C.'s precedent decisions, and after analysis of the cited cases, we are convinced that there are no I.C.C. cases which unequivocally state that an oral hearing and cross-examination are required in any case similar to the one before this Court. Moreover, assuming *arguendo* that the I.C.C. did depart from its own precedent, plaintiffs have not established that that is a sufficient ground for annulling the Commission's Orders. Kingpak, Inc., Investigation of Operations, 103 M.C.C. 319, 344 (1966).

In support of their claim that the Administrative Procedure Act requires an oral hearing with opportunity for cross-examination, plaintiffs cite Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616 (1950) and Riss & Co. v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L.Ed. 1345 (1951) (a *per curiam* opinion reversing 96 F.Supp. 452, and relying solely upon *Wong Yang Sung*). Plaintiffs admit that the interpretation of these two cases represents the greatest area of conflict between plaintiffs and defendants.

After considering both views, we are confident that *Wong Yang Sung* cannot be read to require a full dress hearing in all cases, since it merely holds that the Administrative Procedure Act in and of itself does not require oral hearings, such hearings being compulsory only when other statutes make them mandatory. In fact, the decisions of other three-judge courts have considered and rejected the very arguments which plaintiffs here advance. See Lincoln Transit Co. v. United States, 256 F.Supp. 990, 993–994 (S.D.N.Y.1966); Chemical Leaman Tank Lines, Inc. v. United States, 251 F.Supp. 269, 273 (E.D.Pa.1965); Brotherhood of Locomotive Engineers v. United States, 217 F.Supp. 98, 100–101 (N.D.Ohio 1963).

Moreover, the hearing required by *Wong Yang Sung* was one which was compulsory by statute because without such a hearing the statutory authority for deportation would be unconstitutional as a violation of due process. (339 U.S. at 49, 70 S.Ct. 445). Under the applicable statute here before us, Section 207 of the Interstate Commerce Act, 49 U.S.C. § 307, there is no compulsory requirement that an oral hearing be held.

Further in support of our conclusion we note that there was a second *Riss & Co.* decision, 117 F.Supp. 296, *aff'd per curiam,* 346 U.S. 890, 74 S.Ct. 221, 98 L.Ed. 393 (1952) in which the hearing, consisting of pleadings and written argument only, was held to be adequate.

### 3. *Oral Hearing Properly Denied by I.C.C.*

■ Plaintiffs contend that the I.C.C. erred in failing to make specific findings setting forth the reasons why an oral hearing and an opportunity for cross-examination were denied. Rule 53(a) of the I.C.C.'s General Rules of Practice, 49 C.F.R. § 1100.53(a) provides: "Unless material facts are in dispute, oral hearing will not be held for the sole purpose of cross-examination." Plaintiffs contend that the sole finding upon the "material facts in dispute" issue was made by the I.C.C. in the following quote: "We do not agree that oral hearing for the purpose of cross-examination is absolutely essential here." This language, they con-

tend, is vague and generalized and necessarily forces the Court to speculate as to the basis of the Commission's action in denying the requests for oral hearing and cross-examination.

Defendants, however, contend that since the Commission was following the clearly delineated *modified procedure* rules, it was implicit in the Commission's denial of an oral hearing that no material facts were in dispute. Moreover, in its Order of October 31, 1967, the I.C.C. declared: "no sufficient or proper cause is shown to warrant oral hearing, cross-examination, or for other relief."

Assuming that the ground for refusal should be indicated, it is clear that the essential basis and reason for the Commission's denial of an oral hearing were sufficiently disclosed.

### 4. *No Material Facts Were In Dispute*

■ Plaintiffs contend that material facts were clearly in dispute before the I.C.C. In support of this contention they attached Exhibit H to their opening brief, purportedly highlighting the conflicts in the evidence.

Defendants contend that plaintiffs did not controvert the evidence introduced by Pyramid so as to bring into dispute any genuine issue as to a material fact. Pyramid offered statements of numerous persons who had experienced inadequate service from the plaintiffs, a number of motor carriers who would be helped should Pyramid receive an increased authorization, and statistics relating to the need for additional carrier service. Plaintiffs were apprised of the complaints and had an opportunity to offer relevant evidence in rebuttal. However, they did not, and apparently could not, controvert the veracity of most of those affidavits but merely demanded the right to cross-examine every affiant without particularizing the alleged defects in each complaining affidavit.

It should also be noted that plaintiffs made no attempt to utilize the Commission's discovery procedures (49 C.F.R. § 1100.56–.67) by seeking to take depositions of, or present interrogatories to, Pyramid's supporting witnesses—procedures which could conceivably and easily give the plaintiffs the opportunity for the confrontation and cross-examination they wanted, and at the same time obviate the alleged necessity for an oral hearing.

No material issues of fact were in dispute concerning the dissatisfaction of a large number of witnesses with the existing carriers, and thus the Commission properly denied an oral hearing to the plaintiffs. National Trailer Convoy, Inc. v. United States, 293 F.Supp. 634, 636 (N.D.Okl.1968); Day v. United States, 246 F.Supp. 689, 693 (S.D.Cal. 1965).

### CONCLUSION:

The sole issue for this Court's determination is whether an oral hearing should have been granted in this case. The I.C.C., after determining that, except to retain long standing custom, there is no practical nor legal reason to require an oral hearing in every motor carrier application case, decided upon a *modified procedure* which, in the best interest of the public and the parties involved, would promptly and efficiently dispose of these cases without an oral hearing. The reasoning which led to this conclusion is very well stated in the I.C.C.'s "General Policy Statement Concerning Motor Carrier Licensing Procedures" (see Plaintiffs' Opening Brief, Exhibit C., p. 3) and in Kingpak, Inc., Investigation of Operations, 103 M.C.C. 319, 344 (1966).

The *Kingpak* decision makes it clear that the granting of an oral hearing is discretionary:

"Oral hearings will not be held unless in the judgment of the Commission such a procedure will assist materially in reaching a prompt and fair decision upon the application." (at 345)

To grant plaintiffs' application for an order setting aside the Commission's

Orders, this Court would have to find either that the Commission's modified procedure denies fundamental fairness, or that the present application of that procedure was violative of due process. In our opinion, neither of those findings can be made.

After reviewing all the evidence this Court cannot say that the Commission has abused its discretion or has acted arbitrarily, capriciously or contrary to law. Moreover, it is clear that the findings of the Commission have a rational basis and are supported by substantial evidence.

Plaintiffs' application for a decree setting aside and annulling the Report and Order of the Interstate Commerce Commission dated October 31, 1967, and its Orders dated April 5, 1968 and May 9, 1968 is hereby denied, and the complaint for review is hereby dismissed.

It is further ordered that counsel for defendants and intervening defendant prepare, serve and file a proposed judgment in accordance with this Order and in accordance with Rule 7 of the Rules of this Court.

The foregoing decision shall constitute the findings of fact and conclusions of law required by Rule 52, Federal Rules of Civil Procedure.