**RUAN TRANSPORT CORPORATION,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant,**

and

**Interstate Commerce Commission et al.,**
**Intervening Defendants.**

**Civ. No. 11–432–C–2.**

United States District Court,
S. D. Iowa, C. D.

July 23, 1973.

---

David J. Grace and Cecil L. Goettsch, Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, Iowa, for Ruan Transport Corporation.

Allen L. Donielson, U. S. Atty., Des Moines, Iowa, John H. D. Wigger and Walker B. Comegys, Dept. of Justice, Washington, D. C., for United States.

Charles H. White, Jr. and Fritz R. Kahn, I. C. C., Washington, D. C., for I. C. C.

Earl Hacking, Minneapolis, Minn., Rolfe E. Hanson, Madison, Wis., William L. Fairbank, Tom E. Leahy, Jr., Des Moines, Iowa, for Stockberger Transfer & Storage, Inc., Indianhead Truck Line, Inc., and Quickie Transport Co.

## MEMORANDUM OPINION

Before STEPHENSON, Circuit Judge, HANSON, Chief District Judge and STUART, District Judge.

HANSON, Chief District Judge.

The plaintiff in this cause of action, Ruan Transport Corporation, seeks to have annulled Certificates of Public Convenience and Necessity issued by the Interstate Commerce Commission which grant new motor carrier authority to Stockberger Transfer & Storage, Inc., Indianhead Truck Lines, Inc., and Quickie Transport Company. Jurisdiction of this Court is invoked under Title 49 U.S.C., Section 305(g) and Title 28 U.S.C., Sections 1336, 1398, 2284 and 2321–2325.

The main question presented to the Court is whether the Interstate Commerce Commission erred in failing to assign the proceedings involving these motor carrier applications to a joint board, and instead handling the applications through the "modified procedure." The plaintiff contends that referral to a joint board is mandatory whenever less than four states are involved and there is a protest filed to the application. It is contended that the Interstate Commerce Commission had no jurisdiction to process these applications under the "modified procedure" and that these proceedings are therefore null and void.

### STATEMENT OF FACTS

Plaintiff is a truckline with operating authority to transport petroleum products, in bulk, in tank vehicles, from Spring Valley, Minnesota, to all points in Iowa and certain points in Wisconsin. In November and December of 1969, Quickie Transport Company, Stockberger Transfer & Storage, Inc., and Indianhead Truck Lines, Inc. filed applications with the Interstate Commerce Commission for similar operating authority to that of the plaintiff from Spring Valley, Minnesota, to points in Iowa and Wisconsin. Plaintiff filed protests to each of the applications alleging that public convenience and necessity did not require granting the requested authority. These protests included a request for oral hearing.

Again on February 4, 1970, the plaintiff requested an oral hearing.

A February 20, 1970 Interstate Commerce Commission Order set the applications of Quickie and Indianhead for handling under "modified procedure" which would not allow an oral hearing or referral to a "Joint Board." The plaintiff then filed a Petition for Reconsideration and Request for Oral Hearing on March 27, 1970, and the plaintiff also requested that the applications of Quickie, Indianhead, and Stockberger be consolidated and set for oral hearing. On April 30, 1970, the Interstate Commerce Commission ordered the application of Stockberger also be handled under "modified procedure." Verified statements of fact were required to be filed as it related to all three applications pursuant to the "modified procedure."

On August 21, 1970, after considering the applications and verified statements of fact, but with no oral hearing and referral to a joint board, the Commission granted the requested authority to all three motor carriers. The Commission by Order of February 25, 1971, denied the plaintiff's Petition for Reconsideration and further hearing. An additional Petition for Reconsideration was filed April 5, 1971, and was subsequently denied by the Commission. Certificates of Public Convenience and Necessity have now been issued to all three applicants for the requested routes.

### CLAIM OF RUAN TRANSPORT CORPORATION

The main thrust of this cause of action is an attack upon the jurisdiction of the Commission to process applications for motor carrier authority under the "modified procedure" where the application has been protested. The plaintiff has not made a serious effort to reverse the Commission's Orders on the basis of the merits of the evidence submitted to the Commission under the "modified procedure." Therefore, the Court will address primarily the question of the

appropriateness of the use of the "modified procedure" in the case where less than four states are involved and an application is protested.

The "modified procedure" as used to process applications involving more than three states is not being contested by the plaintiff in this case. The plaintiff admits in its reply brief filed January 9, 1973, that the courts have upheld the Commission's authority to handle applications involving more than three states through "modified Procedure." [1] Boat Transit, Inc. v. United States, 1970 Federal Carrier Cases, Section 82,215 (E. D.Mich.1970), aff'd 401 U.S. 928, 91 S. Ct. 934, 28 L.Ed.2d 210 (1971); Allied Van Lines Co. v. United States, 303 F. Supp. 742 (C.D.Cal.1969); National Trailer Convoy, Inc. v. United States, 293 F.Supp. 634 (N.D.Okl.1969). The plaintiff does claim, however, on the basis of the following authority and Title 49 U.S.C., Section 305(a) that the Commission must refer to an appropriate joint board for oral hearing any application involving less than four states which is protested and which involves a dispute as to a material fact. Garrett Freight Lines, Inc. v. United States, 333 F.Supp. 1267 (D.Idaho 1971); Jones Truck Lines v. United States, 321 F. Supp. 821 (W.D.Ark.1971); Land-Air Delivery, Inc. v. United States, 327 F. Supp. 808 (D.Kan.1971).

### CONTROLLING STATUTE ON REFERRALS

The controlling statute which governs referrals of applications to a joint board for hearing is section 205(a) of the Motor Carrier Act of 1935, as amended, Title 49 U.S.C., Section 305(a).

"The Commission shall, when operations of motor carriers . . . proposed to be conducted involve not more than three States, and . . . may, in its discretion, when operations of motor carriers . . . proposed to be conducted involve more than three States, refer to a joint board for

appropriate proceedings thereon, any of the following matters arising in the administration of this [part] with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable: . . . "

In the original Act passed in 1935, there was no question but that all applications for motor carrier authority involving three or less States had to be referred to a joint board whether they were protested or not. The Commission became concerned that certain uncontested applications for authority to provide service that was badly needed were being delayed by the procedure of referring these applications to a joint board. Congress in 1938 passed an amendment to this section of the Motor Carrier Act providing that the applications need to be referred to a joint board only when "a hearing is required or in the judgment of the Commission is desirable: . . . " It appears that the Commission would like to have this section interpreted to give them complete discretion to determine when an application is to be referred to a joint board whether a protest has been filed or not. The cases of Garrett Freight Lines, Inc. v. United States, *supra*, 333 F.Supp. at p. 1271; Jones Truck Lines v. United States, *supra*, 321 F.Supp. at 829; Land-Air Delivery, Inc. v. United States, *supra*, 327 F.Supp. at 811 have all held, however, that the Interstate Commerce Commission has a statutory duty under Title 49 U.S.C., Section 305(a) to refer all applications to a joint board which involve three or less States and in which a protest has been filed and there is a dispute of material fact.

### DEFENSE OF THE UNITED STATES AND THE INTERVENORS

There are two classes of arguments advanced by the United States and the intervenors in defense of this lawsuit. First, it is argued that the statute, Title 49 U.S.C., Section 305(a), requires re-

---

1. Plaintiff's Reply Brief filed Jan 9, 1973 at page 3.

ferral to a joint board only where an oral hearing is required to resolve a dispute as to material facts. These parties contend that no issue of material fact was established by Ruan in the proceedings before the Interstate Commerce Commission. The plaintiff, Ruan, however, claims that the protest itself establishes issues of facts and even if the protest in itself was not sufficient to establish material facts, the other allegations and affidavits of Ruan do establish issues of material fact that would require referral of these applications to a joint board for oral hearing.

The question presented appears to be who determines and when is the determination made, as to whether an issue of material fact exists.

On the basis of the reasoning in the *Jones, Land-Air* and *Garrett* cases and the wording of the statute, this Court cannot agree that an issue of material fact is raised by the protest itself. An issue of material fact must be shown by the parties which would affect the outcome of the application. If the mere filing of a protest or the allegation that an issue of material fact existed were sufficient to trigger referral to a joint board, the use of the "modified procedure" to handle applications for motor carrier authority could be almost completely frustrated. Title 49 U.S.C., Section 305(a) only requires referral to a joint board when "a hearing is required or in the judgment of the Commission is desirable. . . ." We believe that the proper interpretation of this statute is that a hearing is required only when the Commission determines that an issue of material fact exists. The Commission is not required to accept Ruan's assertion that an issue of material fact exists, but may make its own determination on this point. This determination as to whether an issue of material fact exists such that the applications must be referred to a joint board is of course subject to review upon appeal.

The Commission did not accept Ruan's early requests for an oral hearing filed with its protest and filed again on February 4, 1970. The applications were set for the abbreviated "modified procedure." This Court finds that the Interstate Commerce Commission was justified in not granting the request for oral hearing submitted before the verified statements of fact were filed in the "modified procedure." The Commission may not have had at its disposal sufficient information to determine whether an issue of material fact existed before the joining of issues by these verified statements of fact in the "modified procedure." In fact, the Commission in its Rule 53 specifically provides that requests for oral hearing should be included with the statements of verified fact. Apparently, the Commission feels this is one of the most appropriate times to determine if an oral hearing is necessary.

Rule 53 (Title 49 C.F.R. 1100.53) provides:

"(a) . . . If cross examination of any witness is desired the name of the witness and the subject matter of the desired cross examination shall, together with any other request for oral hearing, including the basis therefor, be stated at the end of defendant's statement or complainant's statement in reply as the case may be. Unless material facts are in dispute, oral hearing will not be held for the sole purpose of cross examination. . . ."

The filing of the verified statements of fact and the opportunity provided by this procedure for rebuttal should give the protestant ample opportunity to establish material issues of fact if they do exist. Ruan did not reiterate its request for an oral hearing before a joint board at the time it filed its verified statements of fact as required by Rule 53 which would have been the appropriate time to raise this request under Commission procedures. The Commission did not have this issue properly before it at the time it made its final decision to

grant the requested authority on the basis of the verified statements of fact submitted.

■■ The referral of applications to a joint board is a procedural matter rather than one of jurisdiction. Howard Hall Company v. United States, 332 F. Supp. 1076, 1081 (N.D.Ala.1971). Ruan waived its right to have the Commission consider its request for an oral hearing before a joint board by failing to raise this request at the appropriate time under Commission procedures. This Court has already held that the Commission was justified in denying the earlier requests for oral hearing for the reason that issues of fact were not joined at that time by the verified statements of fact.

■ The second class of arguments advanced by the United States and the intervenors relates solely to alleged procedural defects by Ruan in opposing the applications. Specifically, it is argued that Ruan should have requested a referral to a joint board instead of a bare request for an oral hearing. It is further argued that Ruan did not set forth an adequate explanation of the material facts it felt were in dispute. Finally, it is argued that Ruan did not protest the failure to refer these applications to a joint board until the present lawsuit was filed, and therefore waived any objections it might have had to the use of the "modified procedure."

Addressing the first of these arguments about failing to specifically request referral to a joint board, the Court notes that in Manley Transfer Co. v. United States of America, Civil No. KC–3515 (D.Kan., filed May 15, 1973), The U.S. Dist. Court found that a general request for oral hearing was insufficient to warrant a joint board proceeding.

"A general request for an oral hearing, however, is insufficient to warrant a joint board proceeding. As the court emphasized in Allied Van Lines Co. v. United States, 303 F.Supp. 742, 747 (C.D.Cal.1969), 49 C.F.R. Section 1100.247(d)(3) and (4) 'requires that any one seeking an oral hearing must specify with particularity the facts relied upon and give a specific explanation why the evidence to be presented cannot reasonably be submitted in the form of affidavits.' . . . As the original protest is devoid of any allegations of disputed material facts, we recognize the propriety of the Commission's refusal to grant an oral hearing." Manley Transfer Co. v. United States of America, supra at 6.

The defect cited in the above case was not requesting an oral hearing instead of referral to a joint board, but instead was the failure to support the request as provided for in Commission procedures. It is obvious that a request for an oral hearing is a request for referral to a joint board when the application involves less than four states. The proper body to conduct an oral hearing in this type of situation is a joint board. The Court finds no error on Ruan's part in requesting an oral hearing instead of referral to a joint board.

The substance of the *Manley* case as it relates to the present proceedings is whether Ruan adequately set forth the alleged disputed facts when they made their request for oral hearing. Ruan, in complying with Rule 247(d), Title 49 C. F.R., Section 1100.247(d), did make a general statement as to what evidence they felt could not be adequately presented without an oral hearing. This evidence was not detailed as to what specific factual controversies existed. Ruan's protest stated:

"Evidence as to the names of the shippers, volumes to be moved and other information necessary to support a need for any grant from the involved area could not be satisfactorily presented without oral hearing. Ruan would require the right to examine all documents and cross-examine all witnesses put forth by applicant. Ruan respectfully requests that the above docketed applicant be required to prove by competent witnesses, availa-

ble for cross-examination, each and every element required by statute before a Certificate of Public Convenience and Necessity be issued."

Even if this statement were sufficient to raise material issues of fact to warrant referring these applications to a joint board, this Court has held that the Commission was justified in its initial refusal to grant an oral hearing and that it was necessary for Ruan to raise again the need for an oral hearing with the submission of the "statements of verified facts." This Ruan did not do.

Finally, Ruan did not protest the failure to refer the applications to a joint board in its Petition for Reconsideration dated October 10, 1970. All of the assignments of error[2] in this Petition related to substantive factual matters. Ruan did request an oral hearing to hear further evidence on the factual determinations it assigned as error, but it did not point out to the Commission that the Commission was in error in not referring the applications to a joint board.

## CONCLUSION

Ruan did not properly request an oral hearing before a joint board with the submission of the verified statements of fact and the Commission was not in error in denying the earlier request for oral hearing before the submission of the verified statements of fact.

We find the Commission's findings are based upon substantial evidence and we perceive no error of law.

2.     "ASSIGNMENTS OF ERROR
  1) That Ruan has often (or has at any time, failed to provide sufficient equipment to meet emergencies (Report, p. 5, 9).
  2) That additional authorized carriers are needed to avoid service complaints from customers (Report, p. 6).
  3) That Ruan will not be adversely affected by these grants as shipper will continue to utilize Ruan's service whenever it is available.

4) That the shipper's business judgment, based on many years experience, that it must have multiple services available, should be accorded great weight.
  5) That the applications should be granted, restricted to the site of shipper's pipeline terminal in conformity with Commission precedent so as to more precisely identify the origin point." Ruan's Petition for Reconsideration, Admission of New Evidence and/or Oral Hearing dated October 10, 1970, at p. 3.