**RICHARD DAHN, INC., Plaintiff,**

v.

**INTERSTATE COMMERCE COMMISSION and the United States of America, Defendants,**

and

**Moon Freight Lines Inc. et al., Intervening Defendants.**

**Civ. A. No. 966-71.**

United States District Court,
D. New Jersey.

Dec. 15, 1971.

**338**

Herman B. J. Weckstein, Newark, N. J., for plaintiff.

Theodore C. Knappen, Office of the General Counsel, Interstate Commerce Commission Washington, D. C., for defendant, I. C. C.

Herbert J. Stern, U. S. Atty. by James B. Smith, Asst. U. S., Atty., Newark, N. J., for defendant, U. S.

Harry Schaffer, Newark, N. J., for intervening defendants; Walter F. Jones, Jr., Indianapolis, Ind., of counsel for Moon Freight, Moorman, and Sims; Guy H. Postell and Frank D. Hall, Atlanta, Ga., of counsel, for Harper, Argo, Mercury, and Jenkins.

Before McLAUGHLIN, Senior Circuit Judge, and COOLAHAN and LACEY, District Judges.

## OPINION

LACEY, District Judge:

Plaintiff sues to set aside, vacate and annul an Interstate Commerce Commission (Commission) order denying plaintiff's application to extend its motor common carrier operating authority. Jurisdiction exists under 28 U.S.C. § 1336 and 49 U.S.C. § 17(9). A three-judge court was duly appointed and convened and seven carriers which had appeared in the proceeding below were permitted to intervene under 28 U.S.C. § 2323.

Plaintiff applied on March 18, 1969, for a certificate of convenience and necessity, pursuant to 49 U.S.C. §§ 306 and 307. The certificate sought covered the transportation of various stone products, sanding and polishing machines, and supplies used in the installation of terrazzo flooring, between points in twenty-seven states and the District of Columbia. Protests were filed by numerous carriers.

Adjudication by the Commission of this matter was accomplished by its "special procedure" mechanism. *See* I. C.C. Rules 45–54, 49 C.F.R. § 1100.45, *et seq.* Thus, initially, there was filed by the plaintiff a verified statement of a shipper supporting the application. Thereafter, at oral hearing, plaintiff

was cross-examined on the application and the testimony of a supporting shipper was taken. The "supporting shipper" testimony actually came from Mr. Harry E. Dixon, an independent "traffic consultant," who worked for some 200 trucking companies. Dixon testified that he worked only about 5 hours a week for the shipper for whom he appeared.[1]

After this testimony plaintiff rested. The Hearing Examiner thereupon granted a motion by the protestant carriers that the hearing be closed on the ground that plaintiff had not established a *prima facie case,* stating:

. . . [T]he presentation of evidence by protestants would serve no useful purpose in this proceeding and would be time consuming and costly. . . .[2]

The decision of the Hearing Examiner was affirmed by the Interstate Commerce Commission Review Board Two on September 23, 1970, and the Commission's Appellate Division One on April 20, 1971. The Commission in General Session subsequently denied a petition which sought a finding that the issue involved was one of general transportation importance.

Plaintiff assails the order of the Commission on two grounds: First, that the decision of the Examiner was not supported by substantial evidence; and second, that the fact that plaintiff was not permitted to cross-examine the protestants denied him due process of law.

As to the first ground urged, our standard on this review is the limited one of determining whether the Commission's decision is supported by substantial evidence, viewing the record as a whole. 5 U.S.C. § 706(2) (E); Illinois Central R. R. Co. v. Norfolk & Western R. R. Co., 385 U.S. 57, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966).

Perhaps the classic definition of "substantial evidence" is contained in National Labor Relations Board v. Columbian Enameling & Stamping Co., 306 U. S. 292, 300, 59 S.Ct. 501, 505, 83 L.Ed. 660 (1939):

. . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. . . .

█ It is also worthy of observation that Commission orders come to this Court clothed with a presumption of validity, that a plaintiff as here has the burden of proving invalidity, and that the findings of the Commission are to be given great weight where its expertise is involved. Allegheny Ludlum Steel Corp. v. United States, D.C., 325 F.Supp. 352, 354–355 (1971). *See also* Pierce Auto Freight Lines v. United States, 327 U.S. 515, 66 S.Ct. 687, 90 L. Ed. 821 (1946); Movers' and Warehousemen's Assoc. v. United States, 303 F.Supp. 563 (D.N.J.1969).

The Commission grounded its decision on the standards for a *prima facie* case as articulated in John Novak Contract Carrier Application, 103 M.C.C. 557 (1967). The Commission had held there that the affidavit of the supporting shipper must show the commodities shipped or received, the points between which that traffic moved, the volume of freight to be tendered to applicant, the present transportation services used, and the deficiencies in existing services.

The *Novak* criteria have been followed in subsequent Commission decisions. *See* Jerry Lipps-Extension Pipe, 110 M.C.C. 113 (1969); Hugh Major-Extension-Iron and Steel Articles-Centralia, Illinois, Docket No. MC–125708 (sub 97), filed May 22, 1969; Ashworth Transfer Inc.-Extension-Explosives, 111 M.C.C. 860 (1970).

█ Applying these standards, which to a great degree embody prior Commission and court rulings, *see e. g.* Lester C. Newton Trucking Co. v. United States, 264 F.Supp. 869 (D.Del.1967);

---

1. Hearing Transcript at 78–80 (Ex. P–1).

2. *Id.* at 111.

**340**

Watkins Motor Lines, Inc. v. United States, 243 F.Supp. 436 (D.Neb.1965); Helm's Express Inc.-Extension-Mahwah, New Jersey, 67 M.C.C. 183 (1956); Consolidated Freightways Inc.-Extension-Frozen Foods, 79 M.C.C. (1959), it is obvious that plaintiff's presentation was inadequate and that the administrative ruling was proper.

An examination of the affidavit of the supporting shipper[3] shows fatal deficiencies. The list of commodities shipped or received does not specify quantity or origin. The points between which the traffic moves are not given; instead, a list of 20 representative points is stated without indicating traffic between these points. The volume of freight to be tendered to the applicant is unmentioned. No significant indication is given of the transportation services now used. The adequacy of existing services is only sketchily treated. The affidavit notes that various protestants either cannot handle specific goods or that their geographic authority is limited; it does not state that the shipper has in fact used any of these services or found them unsatisfactory.

■ The due process point need not detain us long. Plaintiff was given an opportunity not only to present its testimony in the form of verified affidavits but was additionally given an oral hearing. At the hearing, plaintiff did not present any new information at all to assist the Examiner. Plaintiff also did not take advantage of the discovery procedures available in the Commission's rules. *See* 49 C.F.R. § 1100.55, *et seq.* Perhaps the judicious use of these would have allowed him to satisfy some of the *Novak* criteria. It is relevant to note that reviewing courts have found no denial of due process where no hearing at all was granted under modified Commission procedure. *See* Ashworth Transfer, Inc. v. United States, 315 F.Supp. 199 (D.Utah 1970); Allied Van Lines Co. v. United States, 303 F.Supp. 742 (C.D. Cal.1969). There is no due process

right under the situation presented here to rebut opposing testimony where one's own case is deficient. *Cf.* F.R.Civ.P. 41(b).

The Commission's order was supported by substantial evidence and its procedures in no way denied plaintiff due process. Accordingly, the decision of the Commission is in all respects affirmed.